UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL EBUSINESS SERVICES, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>INTERACTIVE BROKER LLC,<br><br>    Defendant. | Case No. 16-cv-01264-JD<br><br>**ORDER DISMISSING CASE** |

This case was filed on behalf of plaintiffs Syed Nazim Ali and Global Ebusiness Services, Inc. Ali, who is not a lawyer, purported to represent both himself and the incorporated entity on a pro se basis. Dkt. No. 1. The relief requested was for the Court to vacate, pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, an arbitration award that was handed down by a FINRA dispute resolution panel against Global Ebusiness Services, Inc. and in favor of Interactive Brokers, LLC. *Id*.

Ali was advised by the Court in a written order that under Civil Local Rule 3-9(b), a corporation may appear only through a member of the bar of this Court. Dkt. No. 7. Global Ebusiness Services, Inc. was advised to retain counsel, and warned that it would be dismissed and the case would proceed only as to Ali if it failed to do so. *Id*.

No counsel appeared on Global's behalf in response to the order, and to date, Global remains without counsel. Instead, Ali filed a document titled, "Global Ebusiness Services, Inc. Assignment of Sole Interest to Syed Nazim Ali, As Individual." Dkt. No. 18. Included in the filing was a "Corporation Interest Assignment Agreement," dated March 23, 2016, in which Global purported to assign to Ali "all rights, title, interest and obligation." *Id*. at ECF p. 18. Ali signed for both sides of the transaction. *Id*.

At a subsequent hearing, the Court noted that it appeared that "only Global Ebusiness Services, Inc. has a claim in this case, but Global Ebusiness is not represented by counsel." Dkt. No. 26. The Court questioned whether the "assignment of sole interest" filed by Ali was proper for purposes of prosecuting the case without a lawyer, and requested briefing from the parties on that issue. *Id*. Both sides filed briefs, Dkt. Nos. 28, 29, which the Court has reviewed.

As a preliminary matter, the Court notes that defendant Interactive Brokers does not challenge the assignment agreement on its face. *See* Dkt. No. 29 at 1 (acknowledging that "California generally permits the assignment of claims pursuant to Cal. Civ. Code § 954"). This is a generous position because the assignment could be questioned as vague, among other possible problems, but in any event this does not decide the question.

The United States Supreme Court has stated that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 200-01 (1993). As Ali was advised, this rule is codified in our Civil Local Rules at Rule 3-9(b). *See* Dkt. No. 7. The rule provides that "[a] corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court." Civil L.R. 3-9(b).

The Court joins a number of other courts to hold that an individual plaintiff affiliated with a corporation may not circumvent this rule through a purported assignment of interest from the corporation to the individual, whether such an assignment is valid or not. *See*, *e.g.*, *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 821 (E.D. Mich. 2009) (assuming validity of assignment, corporation's claims were still required to be litigated by a licensed attorney); *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 18-19 (S.D.N.Y. 1974) (where validity of assignment was not challenged and law was settled that claims of the same type could be assigned, rejecting effort by pro se sole stockholder-assignee to represent corporation); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (rejecting attempt to circumvent general rule barring corporations from proceeding pro se "by the procedural device of an assignment of the corporation's claims to the lay individual"); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985) (noting that general rule prohibiting corporation from representing itself "applies

even where the person seeking to represent the corporation is its president and major stockholder," and concluding that there was "no reason to permit any evasion of the general rule by the simple expedient of the assignment of corporate claims to the *pro se* plaintiff."); *see also U.S. v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that "[t]o allow a sole shareholder with interests identical to the corporation's to intervene under such circumstances, rather than hire corporate counsel, would eviscerate [28 U.S.C.] section 1654," and "declin[ing] to read Rule 24 as condoning such a result"). Ali is barred from using the expedient of an assignment to make an end run around the centuries-old rule recognized by the Supreme Court and codified in Civil Local Rule 3-9(b).

More than eight months have passed since Global was first advised that its dismissal would result from a failure to comply with Rule 3-9(b). To date, it has not complied. For his part, Ali has not objected to the Court's view that he has no claim to assert in this case as he was not personally a party to the underlying arbitration proceeding.

The Court consequently dismisses the entire case and orders the file closed. The dismissal is without prejudice to Global's ability to re-file the action if and when it has retained counsel.

**IT IS SO ORDERED.**

Dated: January 9, 2017

JAMES DONATO
United States District Judge