UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLOBAL EBUSINESS SERVICES, INC.,
et al.,

                Plaintiffs,

      v.

INTERACTIVE BROKERS LLC,

           Defendant.

Case No. 16-cv-01264-JD

**ORDER RE ARBITRATION AWARD**

Re: Dkt. Nos. 33, 37

Plaintiff Global eBusiness Services, Inc. petitions the Court to vacate under 9 U.S.C. § 10 an arbitration award issued against it by the Financial Industry Regulatory Authority (FINRA). Dkt. No. 33. Defendant Interactive Brokers LLC asks that the Court instead confirm the award under 9 U.S.C. § 9. Dkt. No. 37. Venue here is uncontested and not improper. *See* Dkt. Nos. 46, 47; *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000) (venue provisions of 9 U.S.C. §§ 9-11 are permissive, not restrictive). The Court denies plaintiff's petition to vacate, and confirms the award.

## BACKGROUND

In this dispute between broker and customer, FINRA issued an award on November 13, 2015, denying all of Global eBusiness's claims against Interactive Brokers in their entirety. Dkt. No. 1 at ECF pp. 8-17. Global eBusiness had asserted claims for breach of fiduciary duty, churning, misrepresentation/non-disclosures, omission of facts and "bait and switch strategy," all in relation to Interactive Brokers' "handling of [Global eBusiness's] margin account." *Id.* at ECF p. 11. The award was issued by a panel of three public arbitrators. *Id.* at ECF pp. 15-17.

## DISCUSSION

Global eBusiness acknowledges, as it must, that 9 U.S.C. § 10 sets out the "limited,

exclusive grounds for vacating an arbitration award," and that as the party seeking to vacate the award, it bears the burden of establishing that one of the grounds in that section justifies vacating the award. *See* Dkt. No. 33 at 8-9; *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010). It has not met that burden.

Global effectively invokes two of the grounds in 9 U.S.C. § 10: that the arbitrators were "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3), and that the arbitrators "exceeded their powers" by issuing an award that exhibits a "manifest disregard of law." 9 U.S.C. § 10(a)(4). *See* Dkt. No. 33 at 2; *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (arbitrators "exceed their powers" under 9 U.S.C. § 10(a)(4) "when the award . . . exhibits a 'manifest disregard of law'").

But Global has provided no evidence to satisfy § 10(a)(3). For example, although it repeatedly asserts as fact that the panel "failed to evaluate any of the 97 exhibits [it] provided," Dkt. No. 33 at 6, its own reply brief makes clear that this is nothing more than pure speculation. *See* Dkt. No. 39 at 8 ("The sheer volume of the evidence makes the contention that petitioner's evidence was adequately reviewed over a 4 day period unlikely."). If anything, the fact that Global had the opportunity to submit this evidence weighs in favor of confirming the award. *See Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 734 (9th Cir. 2006) ("Because the arbitrator did not abuse his powers by ruling on a[n] issue implicitly submitted to him, and because Lucent was never denied an opportunity to present evidence as to that issue, the arbitrator did not engage in any misbehavior under 9 U.S.C. § 10(a)(3).").

The expeditious resolution of disputes requires that arbitrators be provided with broad discretion and great deference in their determinations of procedural issues within the course of arbitration. A review of the record here shows that none of the procedural decisions plaintiff complains of, *see, e.g.*, Dkt. No. 33 at 6-7, falls outside that broad scope of discretion or amounts to a denial of fundamental fairness. Global has not presented sufficient evidentiary support for any aspect of its request to vacate the FINRA award under 9 U.S.C. § 10(a)(3), and so that ground is rejected on that basis. *See Kyocera*, 341 F.3d at 1003 (proper for court to confirm arbitration

1    award where party moving to vacate "presents no evidence" that arbitrators' decision "contains or

2    was based on any conduct that approaches the type that warrants vacatur under the Federal

3    Arbitration Act").

4          Global's invocation of 9 U.S.C. § 10(a)(4) also falls short. Our circuit has made clear that

5    the scope of the "exceeded their powers" language in this subsection is quite narrow, and an award

6    cannot be vacated under this subsection even when arbitrators "interpret or apply the governing

7    law incorrectly." *Kyocera*, 341 F.3d at 997. It is only when the award is "completely irrational"

8    or manifestly disregards the law that this ground is satisfied. *Id*. But here, Global has not

9    identified any governing law that was arguably incorrectly applied by the panel, let alone

10    manifestly disregarded. So this ground, too, is rejected.

11          In sum, plaintiff has failed to sustain its burden of proving that any ground in 9 U.S.C.

12    §§ 10 or 11 is satisfied here. The Court notes that plaintiff has also invoked the California

13    Arbitration Act, and specifically, the grounds for vacating an arbitration award under California

14    Code of Civil Procedure § 1286.2. Dkt. No. 33 at 9. It is quite doubtful, however, that the CCP

15    has any application here. *See* Dkt. No. 19-4 (Interactive Brokers Institutional Services Customer

16    Agreement) at ECF p. 53 (Connecticut choice-of-law provision). Even assuming for discussion

17    purposes that it did apply, the Court would conclude that plaintiff has not provided sufficient legal

18    or evidentiary support for the grounds in CCP § 1286.2(a), either.

19    **CONCLUSION**

20          Under the FAA, "a court 'must' confirm an arbitration award 'unless' it is vacated,

21    modified, or corrected 'as prescribed' in [9 U.S.C.] §§ 10 and 11." *Hall St. Assocs., L.L.C. v.*

22    *Mattel, Inc.*, 552 U.S. 576, 582 (2008). The Court consequently denies plaintiff's petition to

23    vacate the award, and grants defendant's motion to confirm it. The action is dismissed with

24    prejudice and judgment will be entered in favor of defendant.

25          **IT IS SO ORDERED.**

26    Dated: October 30, 2017

27

28    _____
          JAMES DONATO
          United States District Judge